FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 JUN -7  PM 3: 05

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

RILEY JEREOME WILLIAMS,

06-CV-0466Sc

-v-

MEMORANDUM and ORDER

CORRECTION OFFICER MS. BUNN,
CORRECTION OFFICER MR. KARAS,
CORRECTION OFFICER MR. CORRECHER, and
SUPERVISOR SGT. AREA MR. MILLILETTO,,

Defendants.

## INTRODUCTION

Plaintiff, Riley Jerome Williams, currently an inmate of the Collins Correctional

Facility, initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 in the United

States District Court, Southern District of New York (Docket No. 4, Att. 3, Complaint) and

has both requested permission to proceed *in forma pauperis* and filed a signed

Authorization (Docket No. 4, Att. 2, and Docket No. 5).  He alleges that while he was

incarcerated at the Gowanda Correctional Facility the defendants, Correctional Officers

Bunn, Karas and Correchur, and Sergeant Mililetto, "manhandl[ed]" him and hurt his back.

(Complaint, ¶ 5, Second Claim).  He also alleges that certain unnamed defendants[1] denied

him the right to attend religious services when he was at Rikers Island.  (*Id.*, ¶ 5, First

Claim).  Because plaintiff's claims against the defendants named herein occurred at the

---

[1] While the "defendants" who allegedly denied plaintiff the ability to attend religious services when he was at Rikers are not "named" as defendants in the Form Pro Se Complaint filed herein (Docket No. 4, Att. 3, ¶¶ 1B, and 3), they are identified in the "Previous Lawsuits in State and Federal Court" section of the Form Complaint (*id.*, ¶ 4A-B), as Correctional Officers White #1940 and Victor #14410.

Gowanda Correctional Facility, the Southern District of New York (Mukasey, C.J.)

transferred this action here pursuant to 28 U.S.C. § 1391(b) and 1406(a). (Docket No. 4,

Att. 1, Transfer Order). Chief Judge Mukasey noted that while the religious claim allegedly

occurred at Rikers Island, he was not going to sever that claim and "relitigate" it in the

Southern District since plaintiff had filed two previous actions in that court raising the same

religious claim which had been dismissed for plaintiff's failure to serve the defendants.[2]

(Docket No. 4, Att. 1, Transfer Order, n. 2). For the reasons discussed below, plaintiff's

request to proceed as a poor person is granted, his religious claim is dismissed, and unless

plaintiff files an amended complaint as directed below, the remaining assault claim will be

dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and

filed an Authorization with respect to this action, plaintiff is granted permission to

proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court

shall dismiss a case in which *in forma pauperis* status has been granted if the Court

determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon

which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to

conduct an initial screening of "a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," *id.*,

regardless of whether or not the inmate has sought *in forma pauperis* status under 28

---

[2]*Williams v. White*, No. 05 Civ. 7008 (WHP) (DFE) (S.D.N.Y. May 8, 2006); *Williams v. White*, No. 05 Civ. 0105 (WHP) (DFE) (S.D.N.Y. Oct. 21, 2005).

U.S.C. § 1915. Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). "Section 1915 governs proceedings *in forma pauperis,* while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Shakur*, 391 F.3d at 112.

Further, in evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both  §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  Generally, therefore, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir.1999) (*per curiam* )).  Nevertheless, District Courts are not required to direct "'that process be

3

served or that the plaintiff be provided an opportunity to respond before [the] dismissal'
of a frivolous claim." *Shakur*, 391 F.3d at 113 (citation omitted)..

Based on its evaluation of the complaint, the Court finds that, to the extent the
complaint can be construed to allege a religious claim against the two officers from
Rikers (*see* n. 1-2, *supra*), said claim must be dismissed because it is repetitive of a
claim twice brought previously and dismissed for plaintiff's failure to serve the
defendants, *see Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a
complaint that repeats pending or previously litigated claims "may be considered
abusive and dismissed under the authority of section 1915(e)"); *Blake v. Bentsen*, 1995
WL 428694, at *2 (E.D.N.Y. 1995) (directing dismissal of repetitious litigation as
abusive and malicious), and the remaining assault claim must be dismissed unless
plaintiff files an amended complaint as directed below.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim
under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was
attributable to a person acting under color of state law, and (2) deprived the plaintiff of a
right, privilege, or immunity secured by the Constitution or laws of the United States."
*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citation omitted).

## A. Amended Complaint

Plaintiff's complaint alleges only that the defendants "manhandl[ed] him in
another building [and] heart [sic] his lower back[.]" This lone statement fails to state a
claim of cruel and unusual punishment in violation of the Eighth Amendment to the
United States Constitution (*i.e.*, excessive force) and will be dismissed unless plaintiff

4

files an amended complaint which sets forth sufficient facts which state a claim of excessive force in violation of the Eighth Amendment.

The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992). According to *Hudson*, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 7. To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Baskerville v. Mulvaney*, 411 F.3d 45, 49-50 (2d Cir. 2005); *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Davidson*, 32 F.3d at 29. The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. *See also Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000) (The Second Circuit has observed that "an allegation indicating a de minimis use of force will rarely suffice to state a constitutional claim, for the Eighth Amendment's prohibition against cruel and unusual punishment does not extend to de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotation marks and citations omitted). The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.*, 503 U.S. at 6-7. "Punishments 'incompatible with the evolving standards of

decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976)).

Plaintiff's allegation that he was manhandled and hurt his back is wholly insufficient to state a claim. He fails to address either component--objective and subjective–of an excessive force claim and without any factual allegations regarding the "seriousness" of the alleged injury and whether the defendants' actions exhibited a "wantoness" that is unlawful under the Eighth Amendment, the complaint must be dismissed unless plaintiff files an amended complaint that sufficient alleges an excessive force claim.

The amended complaint, which shall supersede and completely replace in its entirety the previous complaint, shall (1) contain separately numbered paragraphs which shall specify (i) the alleged act or acts of misconduct, (ii) the date on which such misconduct occurred, (iii) the name of each individual who participated in such misconduct, and (iv) the connection or nexus between the alleged misconduct and plaintiff's constitutional rights, (2) contain facts which, if proven, would establish that the defendants were personally involved in the alleged constitutional violations, and (3) contain facts which indicate how plaintiff was harmed by the alleged misconduct, including the nature of the back injury allegedly suffered by the misconduct of the defendants.

6

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and
filed an Authorization, his request to proceed *in forma pauperis* is granted.  For the
reasons set forth above, plaintiff's claim that he was denied the right to attend religious
services at Rikers Island on or about November 16, 2004 is dismissed with prejudice.
In addition, plaintiff's excessive force claim must be dismissed pursuant to 28 U.S.C. §
§ 1915(e)(2)(B) and 1915A(b)(1) unless he files an amended complaint which includes
the necessary allegations regarding the excessive force claim as directed above and in
a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u>
the prior complaint in the action, and thus it "renders [any prior complaint] of no legal
effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert.
denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014
(1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).
Therefore, plaintiff's amended complaint must include all of the allegations against each
of the defendants against whom the case is going forward so that the amended
complaint may stand alone as the sole complaint in this action which the defendants
must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed,
the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B)
and 1915A(b)(1).  Plaintiff is further forewarned that his right to pursue further relief in
federal court at public expense will be greatly curtailed if he has three actions or

7

appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claim that he was denied the right to attend religious services at Rikers Island on or about November 16, 2004 is dismissed;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his claim of excessive force as directed above by **July 9, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 9, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **July 9, 2007**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should

be directed on motion to the United States Court of Appeals for the Second Circuit in

accordance with Rule 24 of the Federal Rules of Appellate Procedure.

       SO ORDERED.

DATED:       Buffalo, New York
                June 6      , 2007

                                   _____
                                       JOHN T. ELFVIN
                            UNITED STATES DISTRICT JUDGE