FILED

-PS-O-

2007 SEP 13 PM 1:59

U.S. DISTRICT COURT
WDNY - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RILEY JEROME WILLIAMS, 05A5647

    Plaintiffs,

-v-

CORRECTION OFFICER MS. BUNN,
CORRECTION OFFICER MR. KARAS,
CORRECTION OFFICER MR. CORRECHUR, and
SUPERVISOR AREA SGT. MR. MILILETTO,

    Defendants.

---

DECISION AND ORDER
06-CV-0466Sc

## INTRODUCTION

Plaintiff, Riley Jerome Williams, currently an inmate of the Collins Correctional Facility, initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 in the United States District Court, Southern District of New York. It was then transferred to this Court.

The Riker's Island religious-practice claim was then dismissed and plaintiff was granted permission to amend his complaint to state additional facts regarding an assault that occurred at Gowanda Correctional Facility (Docket # 7).

In the mean-time, prior to receiving this Court's Order allowing him to amend his complaint, plaintiff filed an amended complaint that realleged the religious-practice claim from Riker's Island, and alleged an assault on June 4, 2007 (Docket # 8). Plaintiff presumably then received the Court's Order of June 6, 2007 and amended his complaint an additional time (Docket # 9).

In this complaint plaintiff alleges that at the Riker's Island Correctional Facility on November 16, 2004, and at Gowanda Correctional Facility on April 28, 2006, he was subjected to excessive

force. Plaintiff makes no reference in the current complaint to his allegations of assault on June 4, 2007. For the reasons discussed below, plaintiff is directed to amend his complaint as described below, or the action may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

As discussed in the Court's prior Order, "[t]he settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted). Nevertheless, District Courts are not required to direct "'that process be served or that the plaintiff be provided an opportunity to respond before [the] dismissal' of a frivolous claim." *Shakur*, 391 F.3d at 113 (citation omitted). Based on its evaluation of the complaints, the Court finds that, unless plaintiff files an amended complaint as directed below, his excessive force claims will be dismissed.

Plaintiff's complaints, reviewed as a whole, allege that plaintiff was subjected to excessive force on three different occasions. However, in the three different complaints plaintiff alleges that the excessive force happened in different correctional facilities. In the original complaint transferred from the Southern District of New York, plaintiff alleged that he was subjected to excessive force on April 28th, 2006 by Officers Bunn, Karas, Correchur and Militello, whom he identifies as officers at Gowanda Correctional Facility. In the complaint filed June 18, 2007, plaintiff alleges only excessive force on June 4, 2007 by Officers Lodestro, Cassidy, Jankowski, and Brown, whom he identifies as officials at Attica Correctional Facility.

2

However, plaintiff also names Bunn, Karas, Correchur and Militello at Gowanda Correctional Facility, but fails to state what acts they committed. Then, in the July 10, 2007 complaint, plaintiff alleges that on November 16, 2004, at Riker's Island, Bunn, Karas, Correchur and Militello subjected him to excessive force. He also alleges in the July 10 complaint that at Gowanda, on April 28, 2006, he was subjected to excessive force, but he does not say by whom.

Taken together, it is clear that plaintiff is confusing his allegations. However, he will be granted one additional opportunity to amend his complaint to state only allegations relating to excessive force in correctional facilities located in the Western District of New York. He must not include any allegations regarding Riker's Island, or any other facility outside of the Western District of New York. He must state the names of all defendants in the caption on the first page of the complaint form supplied by the Court. He must then identify the defendants, including where they were employed when the events took place. In the "Statement of Claim" section of the complaint, he must state the date of each separate incident, and then, who was involved in the incident, and what they did. He must state what injuries he received as a result of the incident. He must do this for each separate incident. He must also be certain that he correctly identifies which defendants worked at which correctional facility on the dates of the different incidents.

Plaintiff is responsible for putting the defendants on notice of what he is claiming they did so that they can answer the complaint. This will not be possible if plaintiff continues to confuse the dates on which the incidents happened, who was involved, and where it happened.

The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). "[T]he core judicial inquiry is ... whether force was

3

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*, 503 U.S. at 7. The Court must consider both the subjective and the objective components of the alleged violations. *Baskerville v. Mulvaney*, 411 F.3d 45, 49-50 (2d Cir. 2005); *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Davidson*, 32 F.3d at 29. The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. *See also Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000) (The Second Circuit has observed that "an allegation indicating a de minimis use of force will rarely suffice to state a constitutional claim, for the Eighth Amendment's prohibition against cruel and unusual punishment does not extend to de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotation marks and citations omitted). The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.*, 503 U.S. at 6-7. "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976)).

Plaintiff must address, as to each incident of excessive force, both the "seriousness" of the alleged injury and whether the defendants' actions exhibited a "wantoness" that is unlawful under the Eighth Amendment. The complaint will be dismissed if plaintiff fails to file an amended complaint that sufficiently alleges an excessive force claim.

The new complaint, which should be denominated the "third amended complaint," which shall supersede and completely replace in its entirety the previous complaints, shall (1) contain separately numbered paragraphs which shall specify (a) the alleged act or acts of misconduct, (b) the date on which such misconduct occurred, (c) the name of each individual who participated in such misconduct and where they were employed, and (d) the connection between the alleged misconduct and plaintiff's constitutional rights, and (2) contain facts which indicate how plaintiff was harmed by the alleged misconduct, including the nature of the injuries suffered by the misconduct of the defendants.

## CONCLUSION

For the reasons set forth above, plaintiff's action will be dismissed pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1) unless he files an amended complaint which includes the necessary allegations regarding the excessive force claims as directed above.

Plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b)(1). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

**ORDER**

IT HEREBY IS ORDERED, that plaintiff is granted leave to file a "third amended complaint" regarding <u>only</u> his claims of excessive force as directed above by **October 15, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order copies of the amended complaint and second amended complaint, a blank § 1983 complaint form, and the instructions for preparing a new amended complaint;

FURTHER, that in the event plaintiff fails to file the "third amended complaint" as directed above by **October 15, 2007**, the case will be dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   September 11, 2007
Rochester, New York