UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RILEY JEROME WILLIAMS,

        Plaintiff,      **Hon. Hugh B. Scott**

                     06CV466

   v.

                     (CONSENT)

                  **AMENDED Scheduling Order
                    and Order**

MS. BUNN, et al.,

         Defendants.

_____

   The parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 25). At a pretrial conference held on January 20, 2010 (Docket No. 43), the Court granted plaintiff's motion for additional time to complete discovery (Docket No. 40), giving the parties 60 days to complete discovery. The previous Amended Scheduling Order in this case (Docket No. 39) is hereby modified as follows (unless otherwise changed below, the remaining dates in the prior Scheduling Order continue in effect) it is ORDERED THAT:

  1.  All discovery in this case now shall conclude on **March 22, 2010**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date. Parties shall conduct the examination of plaintiff pursuant to Fed. R. Civ. P. 30 within this discovery period.

  2.  The plaintiff shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **February 12, 2010**; the defendants shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **March 5, 2010**. See Local Civil Rule 26.

  3.  Pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **May 21, 2010**. Under that rule, the statement shall contained

a detailed statement of contested and uncontested facts and the party's position regarding contested facts; detailed statement of issues of law involved and any unusual questions relative to admissibility of evidence; proposed jury instructions; list of witnesses expected to testify; brief summary of qualifications of expert witnesses; list of exhibits; list of any deposition testimony to be offered in evidence. Parties are to refer to Local Rule 16.1(d) for the complete listing of items to be in the pretrial statement. Defendants have filed a pretrial statement (Docket No. 38) and may supplement it if warranted.

4. A Final Pretrial Conference, pursuant to Fed. R. Civ. P. Rule 16(d) and Local Civil Rule 16.1(f), shall be held on **Tuesday, June 15, 2010, at 10:00 am**, before the undersigned. Defense counsel shall assist the Court in making plaintiff available for this conference by telephone from his current facility.

5. Jury selection shall be held on **Monday, July 26, 2010, at 9:30 am**, with trial to commence upon the conclusion of jury selection.

6. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

7. Moreover, if plaintiff or counsel are of the belief that an intermediate conference with the Court would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party.

8. Pursuant to Local Civil Rule 5.2(d), plaintiff is reminded of his obligation to inform the Court of any changes of address, with the failure to do so resulting in the dismissal (**with prejudice**) of this action. While plaintiff remains in defendants' or New York State Department of Correctional Services' custody, defendants also shall inform the Court of any transfers of plaintiff within Department of Correctional Services' custody. Plaintiff is reminded that the original of any motion or other document sent for filing with the Court must be sent to the Court Clerk, with courtesy copy to the chambers of the undersigned; a courtesy copy alone will not be deemed filing. As noted during the last pretrial conference, plaintiff is now located in the Attica Correctional Facility (see Docket No. 43); the parties are to confirm with the Court Clerk that is in fact his current address.

Counsel's and plaintiff's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

* * * *

There is one additional matter before the Court; plaintiff also sought a copy of the docket and copies of the "complete file of all papers submitted to the Court and Orders concerning this action," (Docket No. 41). The statutory right to proceed in forma pauperis under 28 U.S.C. § 1915(a) does not include the right to obtain copies of court Orders without payment therefor, Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959) (per curiam) (denying pro se inmate plaintiff free copy of order to proceed in forma pauperis; court there considering the status of the case that it was already set for trial); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam); see also Robert F. Koets, Annotation, What Constitutes 'Fees' or 'Costs' Within Meaning of Federal Statutory Provision (28 U.S.C.A. sec. 1915 and Similar Predecessor Statutes) Permitting Party to Proceed in forma pauperis without Prepayment of Fees and Costs or Security Thereof, 142 A.L.R. Fed. 627 (1997).

Plaintiff's request for a copy of the docket (Docket No. 41) is **granted**; the Court Clerk is directed to forward a copy to plaintiff at his current address at the Attica Correctional Facility. As for the copy of documents filed in this case, that request is **denied**.

SO ORDERED.

              */s/ Hugh B. Scott*
              Hon. Hugh B. Scott
              United States Magistrate Judge

Buffalo, New York
January 22, 2010